**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-35820 |
| Plaintiff - Appellee, | D.C. Nos. 1:09-cv-00103-RFC |
| v. | 1:04-cr-00087-RFC-1 |
| MARTIN GARCIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, District Judge, Presiding

Argued and Submitted December 6, 2012
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and GLEASON, District
Judge.**

Federal prisoner Martin Garcia appeals the district court's denial of his 28

U.S.C. § 2255 motion challenging his jury conviction and 720-month sentence for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Sharon L. Gleason, United States District Judge for the
District of Alaska, sitting by designation.

multiple counts including conspiracy to possess with intent to distribute

methamphetamine; possession with intent to distribute methamphetamine;

possession of methamphetamine, using or carrying a firearm in furtherance of a

drug trafficking crime; and money laundering.

Garcia claims that under *Napue v. Illinois*, 360 U.S. 264 (1959), his due

process rights were violated at his trial in two respects. First, the Government's

main witness, Gwynne Black, had received use immunity but testified at trial that

she could not recall receiving any promises from the Government in exchange for

her testimony. The prosecutor failed to correct this falsehood. Garcia also claims

the Government violated his due process rights by failing to expose inconsistencies

between prior statements given and trial testimony provided by both Black and her

mother, Patricia Prem.

Garcia also alleges that his trial counsel rendered ineffective assistance

because he failed to impeach Black with the immunity letters and failed to expose

inconsistencies in the grand jury testimony, F.B.I. form 302 statements, and trial

testimony of both Black and Prem.

We have jurisdiction under 28 U.S.C. § 2255, and we affirm.

With respect to the first alleged *Napue* violation, Garcia established and the

Government concedes that a due process violation occurred when the prosecutor

2

failed to correct Black's testimony regarding the use immunity she had received. But to obtain relief on this basis, Garcia must also show that the violation was "material," that is, he must show a "reasonable likelihood that the false testimony could have affected the judgment of the jury." *Hayes v. Brown*, 399 F.3d 972, 985 (9th Cir. 2005)(en banc). Here, Black's false testimony was substantially corrected during her cross examination, when she confirmed that she had not been charged federally with offenses that could have carried a sentence of 25 years or more in prison, and acknowledged that instead she had been permitted to plead guilty to offenses in state court for which she served only one month in jail. Black agreed with defense counsel that she was receiving a "rather large benefit" for testifying against Garcia. Because the jury heard these additional facts on cross-examination, there is no reasonable likelihood that Black's false testimony on direct affected the jury's verdict.

As to the second alleged *Napue* violation, Garcia has not shown that the Government's alleged failure at trial to reveal inconsistencies between the prior statements and trial testimony of two Government witnesses violated Garcia's right to due process. Rather, this Court agrees with the district court's finding that the discrepancies in their testimony "are easily understood as unremarkable tricks of memory, not outright lies," and that "Black's testimony was corroborated in key

respects establishing Garcia's guilt beyond a reasonable doubt on the counts of conviction."

With respect to Garcia's ineffective assistance claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the district court determined after an evidentiary hearing that Garcia had failed to demonstrate that his Sixth Amendment right to counsel was violated. We agree. Garcia has not shown that trial counsel was deficient for failing to impeach Black with the immunity letters, or in failing to point out various inconsistencies in Black's and Prem's testimony on cross-examination. Rather, Garcia's attorney made a sound strategic decision that greater harm could have been done by such cross examination, as it would have allowed those two witnesses to restate or emphasize the testimony initially elicited in direct examination that supported the Government's theory that Garcia was the true source of the methamphetamine, and not "Alex." Garcia has also failed to show that he suffered prejudice as a result of any of these alleged deficiencies.

**AFFIRMED.**

4